

**George Latimer**
County Executive

**Office of the County Attorney**

**John M. Nonna**
County Attorney

March 15, 2021

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

> Application for a pre-motion conference granted. The Court will hear argument concerning both non-party Alice Lee's application to quash the subpoena and defendants' anticipated motion to compel her compliance with the subpoena. The conference will be held at the same date and time as the presently scheduled case management conference: April 6, 2021 at 2:00 p.m. At the time of the scheduled conference, all parties and the non-party Alice Lee shall call the following number: (888) 398-2342; access code 3456831. Counsel for defendants is directed to serve a copy of this Order on non-party Alice Lee and file proof of such service on the docket.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 23, 2021

<u>Re: **Loretta Obi v. Koehler, Ramirez and Forsythe, 18-cv-9041**</u>

Dear Judge Halpern:

     I represent the three Defendant Police Officers in the above-referenced matter and, as per your Individual Practices Rules 2(C), (revised February 9, 2021), I am writing to request a pre-motion conference and permission to submit a Motion to Compel, pursuant to FRCP 37(a) (1), in order to direct compliance with Defendants' duly issued subpoena for the deposition testimony of Alice Lee, Metro Nail Salon owner and non-party in the above-referenced matter. As you know, Ms. Lee has filed a Motion to Quash said subpoena that was noticed by defendants for a deposition date of March 24, 2021. (ECF#57) The basis for Defendants' Motion is that Ms. Lee is an identified witness of the subject events as noted by plaintiff Obi and herself, in that she apparently has knowledge regarding the circumstances of plaintiff's arrest. In this regard, Defendants note that they have not yet received the affidavit purportedly penned by Ms. Lee in response to the plaintiff's questions, though plaintiff herself represented to the Court that she was in receipt of it since February 26, 2021. (ECF #54) Ms. Lee also has not provided this affidavit to the Defendants.

     Defendants believe that the deposition is now necessary particularly in light of recent events wherein Defendants attempted to schedule her deposition previously. There is a language barrier, and now an apparent reluctance to testify, not solely related to Ms. Lee's protestations that the time required for a deposition would affect her business interests. Defendants maintain that Ms. Lee's business interests do not supersede the interests or the rights of the three Defendant Police Officers to ascertain the evidence regarding the circumstances of plaintiff's arrest. Ms. Lee's Motion to Quash indicates that she believes that she should not have to testify solely due to her drafting of two affidavits; one affidavit in response to plaintiff's questions and another affidavit purportedly in response to Defendants' preliminary questions, which affidavit was not drafted by Defendants. Additionally, the affidavit purportedly compiled by Ms. Lee upon Defendants' preliminary questions was not ultimately compiled pursuant to an agreed upon conference between Ms. Lee and Defendants' Counsel prior to any finalization of this affidavit. In my conversations

Michaelian Office Building, Room 600
148 Martine Avenue
White Plains, New York 10601    Telephone: (914)995-2660    Website: westchestergov.com

with Ms. Lee, I was even told first that she did not even have to answer my questions, coupled with her subsequent refusal to meet with me further as agreed upon. There is also a language barrier which can only be fairly resolved with Ms. Lee's testimony under oath with an interpreter. Under these circumstances, particularly where there might have been undue outside influence upon her, Defendants cannot solely rely upon affidavits purportedly compiled by her, whether they be stemming from questions prepared by the plaintiff or the defendants. There are now other areas of inquiry that Defendants must investigate. For your information, it was never determined that an affidavit would be the sole means anyway to obtain evidence from Ms. Lee. In this regard, Defendants request permission to file a Motion to Compel, and a pre-motion conference if you deem same necessary. Defendants would be prejudiced absent Ms. Lee's testimony. Thank you for your time and consideration in this matter.

Very Truly Yours,

Taryn A. Chapman-Langrin
Associate County Attorney

Cc; pro se plaintiff, Obi, via ECF